J-S20042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAI THACH | : | |
| | : | |
| Appellant | : | No. 2641 EDA 2016 |

Appeal from the Judgment of Sentence February 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004527-2013

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 15, 2017**

Tai Thach appeals, *nunc pro tunc*, from the judgment of sentence imposed on February 6, 2014, in the Court of Common Pleas of Philadelphia County, after Thach pled guilty to charges of aggravated assault and conspiracy.[1]  Thach was sentenced to a term of five to ten years' incarceration. In this appeal, Thach claims his guilty plea was unknowing and involuntary in that it lacked the mandatory elements for a guilty plea, the Cambodian interpreter lacked the ability to translate and he was not informed of the possibility he would be deported after he had served his sentence.  Counsel has filed an **Anders**[2] brief along with a motion to withdraw as counsel.  After

---

[1] 18 Pa.C.S. §§ 2702(a) and 903, respectively.

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1981); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm and grant counsel's motion to withdraw.

Initially, we must examine counsel's motion to withdraw.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record that counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349, 361 (2009).

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

> *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016)
> quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-721 (Pa.
> Super. 2007)(citations omitted).

*Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017).

Counsel has satisfied all of the requirements needed to fulfill his duty.

Additionally, following remand,[3] counsel has certified he presented Thach with

copies of all relevant material translated by a certified translator into

Cambodian to ensure Thach understood the proceedings. Thach has not filed

a response to counsel's *Anders* brief.

Because counsel has fulfilled his duty to Thach and Thach has filed no

reply, we will now examine the substance of the claim to determine if any of

the issues are not wholly frivolous.

First and foremost, Thach's claims all address the voluntariness of his

guilty plea. Thach did not seek to withdraw his plea either prior to or after

sentencing. Therefore, all issues have been waived by failing to preserve the

claim below. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are

waived and cannot be raised for the first time on appeal.") *See also*

*Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super.

2017) (In order to preserve an issue related to a guilty plea, an appellant must

either object at the plea colloquy or file a post-sentence motion seeking to

withdraw his plea.) Because the claims have not been preserved, we have

nothing to review, making those claims wholly frivolous.

---

[3] This panel previously remanded this matter with instructions to counsel to either certify Thach had been given a certified translation of the *Anders* brief or to provide Thach with a certified translation of the *Anders* brief.

However, even if the claims had been properly preserved, Thach would not be entitled to relief. In this regard, we rely on the trial court's opinion which explains why Thach's claims are substantively without merit. We highlight the facts that Thach responded appropriately to all questioning during the guilty plea, a fact that demonstrates the interpreter was competent and that Thach understood what was said at the hearing. Additionally, the certified record demonstrates that Thach was, in fact, told of the risk of deportation. Specifically, there is a notice of that possibility in the written guilty plea colloquy that was translated for Thach and signed by him. Further, at sentencing, Thach asked for consideration of a sentence of less than one year, which would make it less likely that he would be deported. Finally, Thach does not indicate what element or elements were missing from the colloquy, thereby waiving that issue, as well. Nonetheless, the trial court noted that reviewed *in toto*, the oral and written colloquies addressed all of the guilty plea requirements.

In the event of further proceedings, the parties shall attach a copy of the trial court opinion, dated December 1, 2016, pages 4-6, which discuss the substantive aspects of Thach's claims.

In light of the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judge Bowes concurs in the result.

President Judge Emeritus Elliott concurs in the result.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA   :    CP-51-CR-0004527-2013

CP-51-CR-0004527-2013 Comm. v. Thach, Tai
Opinion

VS.                  2641 EDA 2016

TAI THACH



7871240761

OPINION

**FILED**

DEC 0 1 2016

Criminal Appeals Unit
First Judicial District of PA

Defendant Tai Thach pleaded guilty to aggravated assault and criminal conspiracy. The trial court sentenced Defendant to a guideline sentence of five to ten years of incarceration. On appeal, Defendant claims that his guilty plea was not knowing, intelligent and voluntary because (1) the plea lacked the mandatory elements required by Pa.R.Crim.P. 590, (2) the interpreter lacked the ability to translate from English to Cambodian and Vietnamese, and (3) Defendant was not advised as to his potential deportation until after sentencing.

FACTUAL BACKGROUND

1.     Defendant Reviewed And Signed A Written Guilty Plea Form

Defendant reviewed and signed a written guilty plea form, which was docketed and made part of the record. The written guilty plea form contained all six of the areas required by Rule 590. Additionally, the written guilty plea form contained the following:

- On page 1, Defendant "can read and write English as interpreted" with the words "as interpreted" handwritten on the form by Defendant's attorney.

- On page 3, a paragraph entitled, "RISK OF DEPORATION (If an Alien)," and the following sentence: "I know that if I am not a United States Citizen, it is possible that I might be deported if I plead guilty to the crime(s) charged against me."

- On page 3, it states "I HAVE READ ALL OF THE ABOVE, OR MY LAWYER READ IT TO ME. I UNDERSTAND IT. MY ANSWERS ARE TRUE AND CORRECT."

- On page 3, directly underneath the above quoted language, Defendant signed his name.

2.    The Trial Court's Colloquy of Defendant During The Guilty Plea Hearing

In addition to the written guilty plea form, the trial court conducted an oral colloquy to ensure that Defendant understood the entire guilty plea hearing. During the guilty plea hearing, the trial court utilized an official court reporter, Danielle Kao, to interpret for Defendant. The oral colloquy between the trial court and Defendant included the following exchanges:

The Court:     Mr. Thach, how old are you today?

Defendant:    I'm 41.

Mr. Birley:    Thirty-one?

Defendant:    Forty-one.

The Court:    How far did you go in school?

Defendant:    No formal education.

The Court:    Can you read and write the English language?

Defendant:    No.

The Court:    Can you read and write the Cambodian language?

Defendant:    No.

The Court:    Can you understand the Cambodian language?

Defendant:    Yes.

The Court:    And I have in my hand a written guilty plea form. I see a signature that says "Signature of the defendant." Is that your signature?

Defendant:    Yes.

The Court:    Was this form translated orally to you?

Defendant:    Yes.

The Court:    And did you understand the form as it was translated to you?

Defendant:    Yes.

. . .

| The Court: | Mr. Thach, having heard the Commonwealth's recitation of the facts it believes it can prove at trial beyond a reasonable doubt, do you agree with that statement of facts? |
|---|---|
| Defendant: | Yes. |
| Court crier: | Mr. Thach, on this common pleas Docket No. CP-51-CR-0004527-2013, charging with aggravated assault, how do you plead? |
| Defendant: | Guilty. |
| Court crier: | Charging you with criminal conspiracy, how do you plead? |
| Defendant: | Guilty. |

N.T. 12/06/2013 at 3-4, 9-10.

3.      The Sentencing Hearing

During the sentencing hearing, the trial court utilized an official court reporter, Leende Vakouv, to interpret for Defendant. At the sentencing hearing, Defendant's attorney argued to the trial court that "as Your Honor is aware, any sentence that is over a year is likely to cause my client deportation. So when you consider the guidelines in this case, those kinds of collateral consequences aren't considered, the fact that he will be removed from his children." N.T. 02/06/2014 at 5. The trial court gave Defendant the opportunity to speak during the sentencing hearing:

| The Court: | Mr. Thach, is there anything you want to say prior to me imposing sentence today? |
|---|---|
| Defendant: | I leave it up to you Your Honor, what you think is right. |

*Id.* at 10.

Finally, after the trial court imposed its sentence, Defendant's attorney advised Defendant of his appellate rights.

| Mr. Birley: | Mr. Thach, the Honorable Judge Anders just sentenced you to 5 to 10 years for aggravated assault and conspiracy. Do you understand the sentence? |
|---|---|
| Defendant: | I understand. |
| Mr. Birley: | You have ten days to petition to His Honor to change his mind about that sentence and 30 days to appeal based on the facts that we reviewed. If you |

-3-

wish to do either of those things, they must be done by in writing by an attorney and if you want them done, just tell me within that time period. Do you understand that?

Defendant: How can I write? I don't know how to write anything.

Mr. Birley: Right. I'm asking you, if you understand the need to ask for those things.

Defendant: Okay.

Mr. Birley: And I'll speak with you in a second about that.

*Id.* at 12.

DISCUSSION

On appeal, Defendant claims that his guilty plea was not knowing, intelligent and voluntary because (1) the plea lacked the mandatory elements required by Pa.R.Crim.P. 590, (2) the interpreter lacked the ability to translate from English to Cambodian and Vietnamese, and (3) Defendant was not advised as to his potential deportation until after sentencing. *See* Statement of Matters Complained of on Appeal, at ¶1.

"A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence." *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa. Super. Ct. 2005). The Pennsylvania Supreme Court has explained the following standard when evaluating whether a guilty plea is knowing and voluntary:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Eichinger*, 108 A.3d 821, 832 (Pa. 2014).

-4-

Additionally, "Pennsylvania Rule of Criminal Procedure 590 requires the court to inquire into the following areas during the plea colloquy: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004).

Here, before entering his plea, Defendant reviewed the entire written guilty plea form, which contained each of the six areas required by Pa.R.Crim.P. 590. He also signed the plea form on the last page in order to indicate that he understood everything in the plea form. During the guilty plea hearing, the trial court colloquied Defendant about the contents of the written guilty plea form, and he affirmed that he understood each of the areas required by Rule 590.

Defendant signed the written guilty plea form only after a Cambodian interpreter translated the entire form for him. The trial court also conducted the entire guilty plea and sentencing hearings with an interpreter. During these hearings, Defendant answered each of the trial court's questions without hesitation and in a manner that was responsive to each question. Defendant answered "Yes" when asked if he understood the Cambodian language. Defendant also answered "Yes" when asked if the written guilty plea form was translated orally to him. When asked by the trial court if he understood the translation of the form, Defendant again answered "Yes." Defendant never paused or requested for anything stated by the translator to be re-interpreted or further translated. Finally, Defendant provided answers that indicated that he fully understood each of the questions that were interpreted for him. For example, when his attorney advised him of his appellate rights, Defendant interjected, "How can I write? I don't know how to write anything."

Defendant was also informed about the risk of deportation. First, Defendant's interpreter orally translated the written waiver form, which contained a paragraph on page 3 in bold, capital

-5-

letters that said, "RISK OF DEPORTATION," and the following sentence: "I know that if I am not a United States Citizen, it is possible that I might be deported if I plead guilty to the crime(s) charged against me." Second, during the sentencing hearing, Defendant's attorney argued that the trial court should consider the collateral consequences that Defendant faced in that he risked removal from the country if he received a sentence in excess of one year of incarceration. Thus, Defendant was adequately informed – before he pleaded guilty and also after he was sentenced – that he faced a risk of deportation. *See Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. Ct. 2013).[1]

Thus, Defendant knowingly, intelligently and voluntarily pleaded guilty to the charges based upon (1) the written guilty plea form, (2) the trial court's oral colloquy of Defendant during the guilty plea hearing, (3) Defendant's statements during the guilty plea and sentencing hearings, and (4) the use of an official court interpreter to translate the written guilty plea form for Defendant and to interpret during the guilty plea and sentencing hearings.

CONCLUSION

Based on the foregoing, the judgment of sentence should be affirmed.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: December 1, 2016

---

[1] Counsel must inform a noncitizen defendant whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010). When the potential deportation is unclear, counsel need only advise of the risk of deportation. *Id.* When the deportation consequences are clear, counsel has a duty to give accurate advice concerning deportation. *Id.* The Pennsylvania Superior Court has held that *Padilla* requires that counsel must inform the client that a plea makes them deportable, not that deportation is a certainty. *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. Ct. 2013) (defendant adequately informed of potential for deportation by defendant's execution of a written guilty plea form indicating that he understood the risk of deportation and by statements by counsel regarding the possibility of deportation).

-6-

**Comm. v. Tai Thach**
**CP-51-CR-0004527-2013**
**2641 EDA 2016**

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing Order upon this person(s):

Attorney for Appellant:        Stephen O'Hanlon, Esquire
2 Penn Center
1500 JFK Blvd., Ste. 1850
Philadelphia, PA 19102

Type of Service:        Regular Mail

Appellee:        Hugh J. Burns, Jr., Esquire
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107

Type of Service:        CJC Mailbox

DATED: 12\1\2016

Raymond T. Dorizio, Esquire
Law Clerk to Hon. Daniel J. Anders

# IN THE SUPERIOR COURT OF PENNSYLVANIA
## EASTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA  :  No. 1938 EDA 2016

v.

*cp·st·cc. 604861- 2001*

JERLION THORPE

        Appellant  :

CP-51-CR-0604861-2001 Comm. v. Thorpe, Jerlion
Superior Court Order



7871219841

## ORDER

The application to reinstate appeal is GRANTED. This Court's November 2, 2016 dismissal Order is VACATED, and the above-captioned appeal is REINSTATED.

The Brief for Appellant is due by <u>December 29, 2016</u>. Failure to file a brief by this date will result in re-dismissal of the appeal, without warning.

Appellant's request for copies of the trial court dockets is GRANTED. The Philadelphia County Court of Common Pleas is directed to provide Appellant with a copy of the relevant dockets. Appellant's request for transcripts is DENIED, without prejudice for Appellant to file proper requests with the Philadelphia County Court of Common Pleas.

PER CURIAM

(True copy from record)
ATTEST:

Benjamin Kohler
Deputy Prothonotary
SUPERIOR COURT OF PA