J. S31035/17

2017 PA Super 201

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :

MICHAEL BLAUSER, JR.,   :   No. 1638 WDA 2016
  :
Appellant   :

Appeal from the Judgment of Sentence, September 27, 2016,
in the Court of Common Pleas of Clearfield County
Criminal Division at No. CP-17-CR-0000451-2016

BEFORE: PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

OPINION BY FORD ELLIOTT, P.J.E.:      **FILED JUNE 28, 2017**

Michael Blauser, Jr., appeals from the judgment of sentence of September 27, 2016, following his conviction of one count of defiant trespass.[1] Appointed counsel, Michael S. Marshall, Esq., has filed a petition for leave to withdraw as counsel together with an ***Anders*** brief.[2] After careful review, we deny permission to withdraw and remand for preparation of an advocate's brief on appellant's behalf.

The facts of this case, as gleaned from the notes of testimony of the jury trial held on August 24, 2016, may be summarized as follows:

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

At approximately 10:30 p.m. on the night of April 16, 2016, Zack Park ("Park") was working as a shift supervisor at a Sheetz store in DuBois when his attention was drawn to appellant. (Notes of testimony, 8/24/16 at 16-17, 43.) Appellant had been standing next to a merchandise rack for approximately 30-45 minutes without purchasing anything. (*Id.* at 17-18, 22, 31.) Park described it as a small rack containing cards "that you can put, like, your tax return on them and things like that." (*Id.* at 19, 31.) Appellant was studying the cards and writing things down on a notepad. (*Id.* at 19, 31.) Earlier, appellant had asked to take pictures of the cards and was told it was against store policy. (*Id.* at 67-68.) It did not appear to Park that appellant intended to actually purchase anything. (*Id.* at 31.)

Park explained to appellant that he would have to leave if he was not going to buy anything. (*Id.* at 20.) Appellant responded that he was going to buy a lot of things but then continued to linger around the card rack. (*Id.*) Park asked appellant to leave several times but he refused. (*Id.* at 20-21.) Park testified that Sheetz has a "no-loitering" policy that applies to customers "without a legitimate purpose." (*Id.* at 22, 33-34; Defense Exhibit A.) There are no-loitering signs posted outside the doors. (*Id.* at 23; Commonwealth's Exhibit 2.) Eventually, Park contacted store security and then the police. (*Id.* at 25.)

Corporal Randall L. Young and Corporal Orlando Prosper of the City of DuBois Police Department responded to the scene. (*Id.* at 44-45, 56.)

Corporal Young testified that he asked appellant numerous times to leave the store and he refused. (*Id.* at 48-49.) Appellant repeatedly asked why he had to leave, and Corporal Young explained that the store has a no-loitering policy. (*Id.* at 50.) Finally, after appellant was asked to leave at least five times, Corporal Young advised him that if he continued to refuse to leave the store he would be arrested for trespassing. (*Id.* at 49-50.)

Appellant continued to argue and refused to leave the store. (*Id.* at 50.) At that point, Corporal Young placed his hand on appellant's back and escorted him outside. (*Id.*) Appellant was not yet under arrest. (*Id.*) While standing outside, both Corporal Young and Corporal Prosper pleaded with appellant to leave the property. (*Id.* at 50-51, 60.) They explained that it was in appellant's best interests to comply. (*Id.*) Appellant remained argumentative and insisted that he had the right to remain on the premises. (*Id.* at 51, 54, 60.) Finally, after approximately 17 minutes of negotiating with appellant, he was placed under arrest. (*Id.* at 51.)

Appellant wanted to call his sister, Jamie Moore ("Moore"), to testify that appellant frequently purchases pre-paid electronic cards of the sort he was examining in the Sheetz store. (*Id.* at 65.) Moore would also testify that appellant has a habit of being very meticulous when it comes to his purchases. (*Id.*) According to defense counsel, Moore would testify that appellant spends an inordinate amount of time examining items for sale.

(*Id.*) The trial court rejected Moore's proffered testimony as irrelevant and denied appellant's request to call Moore as a witness. (*Id.* at 66.)

Following a one-day jury trial, appellant was found guilty of one count of defiant trespass. (*Id.* at 90.) On September 27, 2016, appellant was sentenced to 131 days to one year of incarceration, with immediate parole. (Docket #15, 16.) No post-sentence motions were filed, and this timely appeal followed on October 25, 2016. On October 26, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant complied on December 21, 2016, and on December 29, 2016, the trial court filed a Rule 1925(a) opinion.[3]

In his *Anders* brief, Attorney Marshall reviewed the following issue before concluding that the instant appeal was wholly frivolous:

> Whether the trial court erred by refusing to allow appellant's sister to testify on his behalf at trial as to (1) that appellant commonly used "bank cards" like the ones that he was examining in the Sheetz store and (2) that appellant habitually took an inordinate amount of time to make purchasing decisions, which testimony could have been relevant

---

[3] As the trial court points out, appellant's Rule 1925(b) statement was untimely. (Trial court opinion, 12/29/16 at 1.) However, under the amended version of Rule 1925, appellant's untimely concise statement does not result in waiver, and it is unnecessary to remand since the trial court did address the merits of the issue raised on appeal. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa.Super. 2012), citing *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented.").

and probative as to whether or not appellant lawfully remained upon the Sheetz property[?]

***Anders*** brief at 4.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an ***Anders*** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa.Super. 2010), citing ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (***en banc***) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to ***Anders****,* certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.****,* quoting ***Commonwealth v. Santiago****,* 978 A.2d 349, 361 (Pa. 2009).

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with

> appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa.Super. 2016), quoting

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-721 (Pa.Super. 2007)

(citations omitted).

Upon review, we find that Attorney Marshall has complied with all of the above technical requirements.  In addition, Attorney Marshall served appellant a copy of the *Anders* brief and advised him of his right to proceed *pro se* or hire a private attorney to raise any additional points he deemed worthy of this court's review.  (Petition to withdraw, 3/3/17, Exhibit A.) Appellant has not responded to counsel's motion to withdraw.  As we find the technical requirements of *Anders* and *Santiago* are met, we will proceed to the issues on appeal.  *See Tukhi*, 149 A.3d at 886 ("Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'"  *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5)").

> The terms "wholly frivolous" and "without merit" are often used interchangeably in the *Anders*, [sic] brief context.  Whatever term is used to describe the

conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact.

**Santiago**, 978 A.2d at 355-356, quoting **McCoy v. Wisconsin**, 486 U.S. 429, 438 n.10 (1988).

"The admission of evidence is in the sound discretion of the trial judge, and will not be disturbed on appeal absent a manifest abuse marked by an error of law." **Commonwealth v. Brown**, 911 A.2d 576, 584 (Pa.Super. 2006), **appeal denied**, 920 A.2d 830 (Pa. 2007), quoting **Commonwealth v. Brennan**, 696 A.2d 1201, 1203 (Pa.Super. 1997) (citations omitted).

> Pennsylvania Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Building upon this definition, Rule 402 provides, in full, as follows: "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Thus, while the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical. Accordingly, "[t]he threshold inquiry with admission of evidence is whether the evidence is relevant." **Commonwealth v. Collins**, 585 Pa. 45, 888 A.2d 564, 577 (2005); **Commonwealth v. Treiber**, 582 Pa. 646, 874 A.2d 26, 32 (2005); **Commonwealth v. Robinson**, 554 Pa. 293, 721 A.2d 344, 350 (1998).

**Commonwealth v. Cook**, 952 A.2d 594, 612 (Pa. 2008).

Pennsylvania Rule of Evidence 406 provides,

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or there was an eyewitness.

Pa.R.E. 406.

Appellant was found guilty of defiant trespass as a misdemeanor of the third degree under 18 Pa.C.S.A. § 3503(b)(1)(i), which provides:

> **(b)  Defiant trespasser.--**
>
> (1)  A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
>
> (i)  actual communication to the actor[.]

18 Pa.C.S.A. § 3503(b)(1)(i).

Section 3503(c)(2) provides a defendant with an affirmative defense to a charge of defiant trespass:

> **(c)  Defenses.--**It is a defense to prosecution under this section that:
>
> (2)  the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises[.]

18 Pa.C.S.A. § 3503(c)(2).  ***See Commonwealth v. White***, 492 A.2d 32, 36 (Pa.Super. 1985) (reversing the defendant's conviction of defiant trespass where the gate area of the Ford plant where the incident occurred

was open to the public and the Commonwealth presented no evidence that the defendant failed to comply with any lawful condition imposed on his access to those premises or in any other way "breached the peace"; the mere fact that the defendant's invitation to be on the premises was revoked was not sufficient to remove him from the protection of Subsection (c)(2)).

Here, the trial court determined that Moore's proposed testimony regarding appellant's meticulous shopping habits would not negate the fact that appellant was asked to leave the Sheetz property by an authorized person and refused to leave the premises. (Trial court opinion, 12/29/16 at 3.) Therefore, the trial court concluded that Moore's proffered testimony was irrelevant. (*Id.*)

While it is undisputed that appellant was asked to leave the property many times and refused before finally being placed under arrest by police, Moore's proposed testimony would appear to bolster an affirmative defense under Section 3503(c)(2). There was no testimony that appellant was disorderly or causing a breach of the peace except for the fact that he did not leave the premises immediately upon request. *White*, 492 A.2d at 35. The fact that appellant was asked to leave by an authorized representative of Sheetz and by police is not dispositive. *See id.* at 34-35 (although the defendant was asked to leave multiple times by both the company's representative and by local police, and refused, his conviction of defiant

trespass could not stand where he was present at the gate for the explicit purpose for which the area was open to the public).

Sheetz's no-loitering policy includes customers who are at the location "without a legitimate purpose." (Notes of testimony, 8/24/16 at 22; Defense Exhibit A.) However, Park testified that appellant appeared to be closely examining the electronic cards and writing things down in a notebook. (*Id.* at 31-32.) In fact, appellant had asked to take pictures of the cards with his cell phone and was told it was against store policy. (*Id.* at 67-68.) Appellant told Park that, "If you just let me take the pictures, then I can leave and I don't have to stand here and look at these cards the whole time." (*Id.* at 68.) Appellant indicated that he wanted to copy down information off the cards and told Park, "buyer beware." (*Id.* at 33, 68.) Corporal Prosper also testified that appellant explained he was checking out different cards for sale on the rack, comparing them with one another. (*Id.* at 58-59.)

Moore's proffered testimony that appellant had a habit of buying pre-paid electronic cards and was a meticulous shopper, taking an inordinate amount of time to make a purchase, would support a defense that appellant had a legitimate purpose for remaining on the premises. Park conceded that Sheetz's no-loitering policy was "kind of vague." (*Id.* at 35.) Moore's testimony could have explained why appellant was standing at the card rack for 30-45 minutes writing things down into a notebook without buying

anything. Her testimony also could have bolstered the defense argument that this case boiled down to someone taking too long to make a purchase and did not fit within Sheetz's own definition of loitering. (*Id.* at 72-73.)

We determine that on the record before this court, the issue set forth above is not so lacking in merit that counsel should be permitted to withdraw. While ultimately, appellant may not be entitled to any relief, we cannot say that the appeal is "wholly frivolous," *i.e.*, without any basis in law or fact. *Santiago*, 978 A.2d at 355-356; *see also Tukhi*, 149 A.3d at 890 ("By no means is this Court convinced that Appellant is entitled to relief on the issue we have identified, nor do we venture to state what relief is due. However, the claim is not so clearly devoid of merit so as to warrant classifying this appeal as frivolous.").

Since we are denying counsel's petition, it is necessary to remand for counsel to file an advocate's brief. Appellant's Sixth Amendment right to zealous advocacy on a first appeal forecloses this court from simply deciding the issue on the merits on the basis of counsel's *Anders* brief, filed together with his petition to withdraw. We will grant Attorney Marshall 30 days from the date of this decision to file an advocate's brief, and the Commonwealth 30 days thereafter to file a supplemental responsive brief, should it decide one is warranted. We also direct Attorney Marshall to particularly address the implications of *White* and the statutory defense in Section 3503(c)(2). We will retain panel jurisdiction.

Petition to withdraw denied. Remanded for further proceedings consistent with this Opinion. Jurisdiction retained.