J-S46012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES ROBERT HINTON | |
| Appellant | No. 403 MDA 2017 |

Appeal from the Judgment of Sentence February 6, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000308-2016

BEFORE: BOWES, J., OLSON, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 26, 2017**

James Robert Hinton appeals from the judgment of sentence of two to four years incarceration imposed following his conviction of one count of access device fraud. Jason G. Pudleiner, Esquire, has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant the petition and affirm.

The trial court set forth the facts adduced by the Commonwealth at Appellant's jury trial in its Pa.R.A.P. 1925(a) opinion.

> On November 19, 2015 at 10:02 P.M., Trooper Christopher Ashey of the Pennsylvania State Police was dispatched to the Gettysburg Lutheran Home in Adams County, Pennsylvania for a report of three separate thefts. Three vehicles parked in the Lutheran Home parking lot had been broken into. Several items had been stolen including three purses with credit cards inside

---

* Former Justice specially assigned to the Superior Court.

them. One victim reported that her stolen ACNB card was used online. On December 7, 2015, another victim reported that her stolen Chase Amazon Visa Card was used at the Gettysburg Walmart in the amount of $114.01, Gettysburg Sheetz in the amount of $41.00, and Fayetteville Rutter's located in Franklin County in the amount of $56.85. The victim did not authorize any of these transactions. The Walmart and Sheetz stores where the victim's credit card was used are located approximately one mile from the Lutheran Home traveling straight down Shealer Road.

On December 8, 2015, Trooper Jonathan Wolfe of the Pennsylvania State Police contacted the Gettysburg Walmart and received surveillance photographs of the transaction in which the stolen Chase Amazon Visa Card was used by two men purchasing milk and printer cartridges totaling $114.01. This transaction occurred on November 19, 2015. A Walmart employee identified one of the men from the surveillance photographs as Appellant.

On December 8, 2015, the Gettysburg Sheetz Loss Prevention Team Agent provided Trooper Wolfe with still photographs of a transaction at Sheetz involving the same stolen Chase Amazon Visa Card that was used at the Gettysburg Walmart. The photograph showed a green Ford Explorer with Pennsylvania Registration HML0357 stopped at the fuel pump. After consulting PennDot Records, Trooper Wolfe concluded that the Ford Explorer from the Sheetz surveillance photo was registered to Appellant. Trooper Wolf identified the man in both the Walmart and the Sheetz photographs as Appellant by referring to Appellant's Pennsylvania Driver's License photograph. In both the Walmart and Sheetz transactions, Appellant used the stolen Chase Amazon Visa Card.

On December 11, 2015, Trooper Wolfe interviewed Appellant at his residence, and Appellant admitted that he was the person in both the Walmart and Sheetz surveillance photos and that he used a credit card for both transactions. Appellant also stated that his nephew, Gary Hinton, gave him a credit card to use and said that it belonged to his girlfriend.

Trial Court Opinion, 3/21/17, at 1-3.

Appellant was convicted by the jury of one count of access device fraud, and received the aforementioned sentence. Appellant timely appealed from the denial of his post-sentence motion for reconsideration, and complied with the order to supply a Pa.R.A.P. 1925(b) statement. The matter is now ready for our review. In his *Anders* brief, Attorney Pudleiner raised the following issues before concluding that this appeal was wholly frivolous.

I.  Whether the lower court abused its discretion in admitting evidence of Appellant's prior record that exceeded 10 years.

II. Whether the lower court abused its discretion in not granting a new trial after the Commonwealth tainted the jury pool by repeatedly claiming Appellant testified to something that he did not.

Appellant's brief at 6.

Since counsel has filed a petition to withdraw, we must first rule on the request to withdraw without reviewing the merits of the underlying issues. *Commonwealth v. Blauser*, 166 A.3d 428 (Pa.Super. 2017). In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met. Procedurally, counsel must 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain

private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

Attorney Pudleiner's petition to withdraw sets forth that he reviewed the entire record, and concluded that there are no actual or potential non-frivolous issues. The brief appends a copy of the letter sent to Appellant, which informed Appellant that he had the right to retain new counsel or proceed *pro se* and raise additional arguments on his own behalf. Appellant was also furnished with a copy of the *Anders* brief. Therefore, counsel complied with the procedural requirements.

Next, we examine whether counsel's *Anders* brief meets the substantive requirements as set forth by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citing *Santiago, supra* at 361).

The brief summarized the factual and procedural history of this case, and referred to the portions of the record that fail to support these issues with citations and discussion of pertinent case law. Thus, this brief is compliant with *Santiago*.

We now consider the issues raised in the *Anders* brief. The first issue challenges the trial court's decision to admit certain crimes as impeachment evidence pursuant to Pa.R.E. 609, which states in relevant part:

> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609.

During a break in the proceedings, Appellant confirmed that he intended to testify and the parties discussed the admissibility of Appellant's *crimen falsi* convictions in rebuttal. The Commonwealth proposed to introduce Appellant's convictions for: burglary from 1976, two burglaries from 1978, burglary from 1979, theft by receiving stolen property from

1980, burglary from 1987, theft by unlawful taking from 2000, burglary from 2004, and criminal conspiracy to commit robbery in 2004.[1]  The Commonwealth noted that, with respect to the 2004 case, "the release from jail would be within the 10 years."  N.T., 2/6/17, at 74.  The trial court asked if Appellant had anything to add.  *Id*.  In response, Appellant did not lodge any type of objection to this proposal; instead, he simply stated, "[I am] obviously not stipulating to the admission, but in terms of the jail sentence, unless we have some sort of proof of when he got out of jail, that was never discussed before.  I don't have the specific date unless they have some sort of specific date."  *Id*. at 75.  The parties limited their subsequent discussion to when Appellant was released from incarceration on the 2004 case.  The trial court then made the following ruling:

> Taking it all into consideration, the factors to be weighed, I'm looking at whether the probative value outweighs the prejudicial effect or vice versa.  The factors to be considered are the age of the offenses, the age of the Defendant, the nature of the offenses committed.  Obviously, anything within that 10-year release from custody would be permissible as *crimen falsi*.
>
> I think in fairness here the burglaries from back in the '70s are probably too antiquated and would only serve to prejudice the jury.  What will be admissible by way of *crimen falsi* as a result of the balancing of the interest here is the crimes committed in the 2000s, the theft in 2000, burglary in '04, and conspiracy to commit robbery in '04.

_____

[1] As to this latter crime, Appellant was actually convicted of conspiracy to commit burglary.  However, Appellant did not object to the incorrect recitation to the jury.

[APPELLANT]: Understood, Your Honor.

*Id*. at 75-76. Thus, while Appellant did not stipulate to the convictions, he made no contemporaneous objection to the ruling and any objection to the admission of this evidence has been waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

The **Anders** brief analysis argued that the trial court applied the incorrect standard, as the court asked "whether the probative value outweighs the prejudicial effect or *vice versa*." **Id**. As noted by counsel, that test applies only if the conviction is outside of the ten-year window as defined by Rule 609. However, the brief outlines that Appellant was released from parole in 2009 for his 2004 convictions. Therefore, pursuant to Rule 609(b), the convictions for those crimes were not outside of the ten-year window and were admissible without any balancing whatsoever. We do not disagree with this analysis, but the pertinent point with respect to frivolity, in our view, is that the issues were not preserved for review. The same holds true for the 2000 conviction.

Waiver also applies to the second claim discussed in the **Anders** brief, *i.e.*, that the prosecutor made improper comments during closing argument. Specifically, the prosecutor incorrectly argued that Appellant testified that he

did not own a credit card, while Appellant in truth stated that he used an Access card for food and had a card that was similar to a debit card.

The **Anders** brief analyzes the claim under the prevailing law, and determines that there was no prejudice. However, Appellant failed to object to the allegedly improper statements, resulting in waiver. **See Commonwealth v. Stafford**, 749 A.2d 489, 496, n.5 (Pa.Super. 2000) (holding that any challenge to allegedly improper comments during closing arguments was waived due to failure to object). The trial court could not *sua sponte* grant a mistrial, and therefore we agree that this issue was frivolous.

Finally, pursuant to **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa.Super. 2015), we have independently examined the record to determine if there are any additional, non-frivolous issues. Finding no preserved non-frivolous issues, we grant counsel's petition to withdraw and affirm.

The petition to withdraw of Jason G. Pudleiner, Esquire, is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2017

- 8 -