J. S31035/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL BLAUSER, JR., | : | No. 1638 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 27, 2016,
in the Court of Common Pleas of Clearfield County
Criminal Division at No. CP-17-CR-0000451-2016

BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED DECEMBER 08, 2017

Michael Blauser, Jr., appeals from the September 27, 2016 judgment of sentence of 131 to 365 days' imprisonment imposed after a jury found him guilty of one count of defiant trespass.[1]  After careful review, we vacate appellant's judgment of sentence and remand for a new trial.

The relevant facts and procedural history of this case may be summarized as follows.  On the evening of April 16, 2016, Zack Park ("Park") was working as a shift supervisor at a Sheetz store in DuBois, Pennsylvania, when his attention was drawn to appellant.  (Notes of testimony, 8/24/16 at 16-17, 43.)  Appellant had been standing next to a merchandise rack for approximately 30-45 minutes without purchasing

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

anything. (Id. at 17-18, 22, 31.) Park described it as a small rack containing cards "that you can put, like, your tax return on them and things like that." (Id. at 19, 31.) Appellant was studying the cards and writing things down on a notepad. (Id. at 19, 31.) Earlier, appellant had asked to take pictures of the cards and was told it was against store policy. (Id. at 67-68.) Park testified that it did not appear to him that appellant intended to actually purchase anything. (Id. at 31.)

Park explained to appellant that he would have to leave if he was not going to buy anything. (Id. at 20.) Appellant responded that he was going to buy a lot of things, but then continued to linger around the card rack. (Id.) Park asked appellant to leave several times, but he refused. (Id. at 20-21.) Park testified that Sheetz has a "no-loitering" policy that applies to customers "without a legitimate purpose." (Id. at 22, 33-34; Defense Exhibit A.) There are no-loitering signs posted outside the doors. (Id. at 23; Commonwealth's Exhibit 2.) Eventually, Park contacted store security and then the police. (Id. at 25.)

Corporal Randall L. Young and Corporal Orlando Prosper of the City of DuBois Police Department responded to the scene. (Id. at 44-45, 56.) Corporal Young testified that he asked appellant numerous times to leave the store and he refused. (Id. at 48-49.) Appellant repeatedly asked why he had to leave, and Corporal Young explained that the store has a no-loitering policy. (Id. at 50.) Finally, after appellant was asked to leave

at least five times, Corporal Young advised him that if he continued to refuse to leave the store, he would be arrested for trespassing. (Id. at 49-50.)

Appellant continued to argue and refused to leave the store. (Id. at 50.) At that point, Corporal Young placed his hand on appellant's back and escorted him outside. (Id.) Appellant was not yet under arrest. (Id.) While standing outside, both Corporal Young and Corporal Prosper pleaded with appellant to leave the property. (Id. at 50-51, 60.) They explained that it was in appellant's best interests to comply. (Id.) Appellant remained argumentative and insisted that he had the right to remain on the premises. (Id. at 51, 54, 60.) Finally, after approximately 17 minutes of negotiating with appellant, he was placed under arrest. (Id. at 51.)

Appellant was subsequently charged with one count each of defiant trespass and resisting arrest.[2] The charge of resisting arrest was nolle prossed prior to trial. On August 24, 2016, appellant proceeded to a jury trial. At the close of the Commonwealth's case-in-chief, appellant sought to call his sister, Jamie Moore ("Moore"), to testify that appellant frequently purchases pre-paid electronic cards similar to the ones he was examining in the Sheetz store. (Id. at 65.) According to defense counsel, Moore would also testify that appellant has a habit of being very meticulous when it comes to his purchases and that he spends an inordinate amount of time examining items for sale. (Id.) The trial court concluded that Moore's

---

[2] 18 Pa.C.S.A. § 5104.

proffered testimony was irrelevant and denied appellant's request to call her as a witness. (Id. at 66.) In reaching this decision, the trial court reasoned that Moore's proposed testimony regarding appellant's meticulous shopping habits would not negate the fact that appellant was asked to leave the Sheetz property by an authorized person and refused to comply. (Id.; see also trial court opinion, 12/29/16 at 3.)

Following a one-day jury trial, appellant was found guilty of one count of defiant trespass. On September 27, 2016, the trial court sentenced appellant to 131 to 365 days' imprisonment, with immediate parole. No post-sentence motions were filed, and this timely appeal followed on October 25, 2016.[3] Thereafter, appointed counsel, Michael S. Marshall, Esq. ("Attorney Marshall"), requested leave to withdraw in accordance with Anders v. California, 386 U.S. 738 (1967), Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981), and their progeny. On June 28,

---

[3] The record reflects that on October 26, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed his Rule 1925(b) statement on December 21, 2016, and on December 29, 2016, the trial court filed its Rule 1925(a) opinion. As the trial court correctly notes in its opinion, appellant's Rule 1925(b) statement was untimely. (Trial court opinion, 12/29/16 at 1.) However, under Rule 1925, appellant's untimely concise statement does not result in waiver were counsel filed the untimely Rule 1925(b) statement, and it is unnecessary to remand since the trial court addressed the merits of the issue raised on appeal. See Commonwealth v. Thompson, 39 A.3d 335, 340 (Pa.Super. 2012), citing Commonwealth v. Burton, 973 A.2d 428, 433 (Pa.Super. 2009) (en banc) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented.").

- 4 -

2017, this court denied Attorney Marshall's petition to withdraw on the basis that the appeal was not "wholly frivolous," and remanded for the preparation of an advocate's brief on appellant's behalf. See Commonwealth v. Blauser, 166 A.3d 428, 434 (Pa.Super. 2017).

Attorney Marshall complied and filed an advocate's brief wherein he raises the following interrelated issues on appellant's behalf:

> [1.] Whether the trial court erred by refusing to allow appellant's sister to testify on his behalf at trial as to (1) that appellant commonly used "bank cards" like the ones that he was examining in the Sheetz store and (2) that appellant habitually took an inordinate amount of time to make purchasing decisions, which testimony could have been relevant and probative as to whether or not appellant lawfully remained upon the Sheetz property[?]
>
> [2.] Whether the evidence presented at trial was sufficient to sustain appellant's conviction for Defiant Trespass[?]

Appellant's brief at 4. The Commonwealth, in turn, filed a supplemental brief on August 28, 2017.

"[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." Commonwealth v. Fransen, 42 A.3d 1100, 1106 (Pa.Super. 2012), appeal denied, 76 A.3d 538 (Pa. 2013) (citation omitted). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality,

prejudice, bias, or ill will, as shown by the evidence or the record." Commonwealth v. Antidormi, 84 A.3d 736, 745 (Pa.Super. 2014), appeal denied, 95 A.3d 275 (Pa. 2014) (citation omitted).

> Pennsylvania Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Building upon this definition, Rule 402 provides, in full, as follows: "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Thus, while the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical. Accordingly, "[t]he threshold inquiry with admission of evidence is whether the evidence is relevant." Commonwealth v. Collins, 585 Pa. 45, 888 A.2d 564, 577 (2005); Commonwealth v. Treiber, 582 Pa. 646, 874 A.2d 26, 32 (2005); Commonwealth v. Robinson, 554 Pa. 293, 721 A.2d 344, 350 (1998).

Commonwealth v. Cook, 952 A.2d 594, 612 (Pa. 2008).

Pennsylvania Rule of Evidence 406, in turn, governs evidence of habit and routine practice and provides as follows:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or there was an eyewitness.

Pa.R.E. 406.

Instantly, appellant was found guilty of defiant trespass, a misdemeanor of the third degree, which provides, in relevant part, as follows:

> (b) Defiant trespasser.--
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
>
> (i) actual communication to the actor[.]

18 Pa.C.S.A. § 3503(b)(1)(i). Section 3503(c)(2) sets forth an affirmative defense to a charge of defiant trespass:

> (c) Defenses.--It is a defense to prosecution under this section that:
>
> (2) the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises[.]

18 Pa.C.S.A. § 3503(c)(2).

This court addressed a similar situation in Commonwealth v. White, 492 A.2d 32 (Pa.Super 1985). White involved a former employee of the Ford Aerospace Plant in Montgomery County who was convicted of defiant trespass after he refused to leave the premises. White, 492 A.2d at 34. In White, a panel of this court reversed a defendant's conviction for defiant trespass because the gate area of the Ford plant in question where appellant

was arrested was "open to the public" and the Commonwealth presented no evidence that the defendant "failed to comply with any lawful condition imposed on his access to those premises or in any other way breached the peace." White, 492 A.2d at 36 (internal quotation marks omitted). In reaching this conclusion, the White court noted that the mere fact that the defendant's invitation to be on the premises was revoked was not sufficient to remove him from the protections of the affirmative defense to defiant trespass set forth in 18 Pa.C.S.A. § 3503(c)(2). Id.

Likewise, in the instant matter, we agree with appellant that Moore's proposed testimony would have likely bolstered an affirmative defense to the charge of defiant trespass under Section 3503(c)(2), and precluding its admission on the basis of relevancy was clearly in error. (See appellant's brief at 9-11.) Moore's testimony that appellant frequently purchases pre-paid electronic cards similar to the ones he was examining in Sheetz and has a habit of being very meticulous when it comes to items he is considering purchasing was relevant to establishing he had a legitimate purpose for being there on the day in question. (See notes of testimony, 8/24/16 at 65-66.) As we noted in our prior opinion:

> Sheetz's no-loitering policy includes customers who are at the location "without a legitimate purpose." (Notes of testimony, 8/24/16 at 22; Defense Exhibit A.) However, Park testified that appellant appeared to be closely examining the electronic cards and writing things down in a notebook. (Id. at 31-32.) In fact, appellant had asked to take pictures of the cards with his cell

> phone and was told it was against store policy. (Id. at 67-68.) Appellant told Park that, "If you just let me take the pictures, then I can leave and I don't have to stand here and look at these cards the whole time." (Id. at 68.) Appellant indicated that he wanted to copy down information off the cards and told Park, "buyer beware." (Id. at 33, 68.) Corporal Prosper also testified that appellant explained he was checking out different cards for sale on the rack, comparing them with one another. (Id. at 58-59.)
>
> Moore's proffered testimony that appellant had a habit of buying pre-paid electronic cards and was a meticulous shopper, taking an inordinate amount of time to make a purchase, would support a defense that appellant had a legitimate purpose for remaining on the premises. Park conceded that Sheetz's no-loitering policy was "kind of vague." (Id. at 35.) Moore's testimony could have explained why appellant was standing at the card rack for 30-45 minutes writing things down into a notebook without buying anything. Her testimony also could have bolstered the defense argument that this case boiled down to someone taking too long to make a purchase and did not fit within Sheetz's own definition of loitering. (Id. at 72-73.)

Blauser, 166 A.3d at 433-434 (citations to notes of testimony and quotation marks in original.)

Based on the foregoing reasoning, we vacate appellant's September 27, 2016 judgment of sentence and remand this matter for a new trial so that appellant may be afforded the opportunity to properly introduce evidence in support of his affirmative defense to the charge of defiant trespass.

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017