J-S64027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP SHEPPARD | : | |
| | : | |
| Appellant | : | No. 3696 EDA 2016 |

Appeal from the Judgment of Sentence November 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007072-2015

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 09, 2018**

Appellant, Phillip Sheppard, appeals from the judgment of sentence entered on November 21, 2016.  In this direct appeal, Appellant's court-appointed counsel filed both an application to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's application to withdraw and affirm the judgment of sentence.

The factual background and procedural history of this case are as follows.  On May 6, 2015, Appellant chased William Seaglass down the street

while wielding a machete. On November 21, 2016, Appellant pled guilty to simple assault[1] and possessing an instrument of crime.[2] The trial court immediately sentenced him to an aggregate term of 9 to 23 months' imprisonment. This timely appeal followed.[3]

Appellant's counsel raises three issues in her **Anders** brief:

1. Was [Appellant's] guilty plea valid?

2. Was [Appellant] competent to enter a plea?

3. Was [Appellant's] sentence legal? Was the sentence imposed upon [Appellant] by the [trial] court manifestly excessive?

**Anders** Brief at 3.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Blauser**, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under **Anders**, court-appointed counsel

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the

---

[1] 18 Pa.C.S.A. § 2701(a)(3).

[2] 18 Pa.C.S.A. § 907.

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention.

***Commonwealth v. Cook***, 175 A.3d 345, 348 (Pa. Super. 2017) (cleaned up).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Santiago***, 978 A.2d 349, 355 n.5 (Pa. 2009), *quoting* ***McClendon***, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.[4] We now turn to whether this appeal is wholly frivolous.

The first issue raised in counsel's ***Anders*** brief is whether Appellant entered a knowing, intelligent, and voluntary plea. The trial court conducted a full colloquy with Appellant at the guilty plea hearing. Appellant stated, under oath, that he was pleading guilty of his own free will. N.T., 11/21/16, at 7. He further stated that no one had threatened or coerced him into pleading guilty. ***Id.*** Appellant stated that he was not promised anything for his guilty plea. ***Id.*** at 6-7. He stated that he had reviewed the case with his attorney and that he was satisfied with his attorney's representation. ***Id.*** at

---

[4] Although we gave Appellant additional time, he did not file a response to counsel's ***Anders*** brief.

12-13. Appellant stated that he reviewed the written guilty plea colloquy with his attorney and understood its contents, including the rights he was giving up by pleading guilty. *Id.* at 11-12. He stated he was not under the influence of drugs or alcohol. *Id.* at 5. He stated that he did not currently suffer from any mental illness. *Id.* The trial court apprised him of the maximum penalty he could face. *Id.* at 10-11. Appellant thereafter pled guilty to simple assault and possessing an instrument of crime. Thus, Appellant knowingly, voluntarily, and intelligently pled guilty. Therefore, the first issue raised in counsel's *Anders* brief is frivolous.

The second issue raised in counsel's *Anders* brief is whether Appellant was competent to plead guilty. Our Supreme Court has explained that "a defendant must be competent to be tried, convicted, or sentenced. A defendant is legally incompetent if he is substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense." *Commonwealth v. Bomar*, 826 A.2d 831, 860 (Pa. 2003) (cleaned up). In this case, the record reflects that Appellant was able to understand the nature and object of the proceedings against him and to assist with his defense. Although Appellant suffered from post-traumatic stress disorder when he was in the armed forces over 20 years ago, he does not currently suffer from any mental abnormalities. Moreover, he was able to consult with his attorney prior to the combined plea and sentencing hearing. He also consulted with counsel during that hearing. There is no evidence

indicating that Appellant failed to understand the nature of the proceedings and its object. There is similarly no evidence that Appellant was unable to assist with his own defense. Accordingly, the second issue in counsel's **Anders** brief is frivolous.

The final issues presented in counsel's **Anders** brief are whether the sentence imposed was illegal and/or manifestly excessive. We review an illegal sentencing claim *de novo* and our scope of review is plenary. **Commonwealth v. Rodriguez**, 174 A.3d 1130, 1147 (Pa. Super. 2017), *appeal denied*, 186 A.3d 941 (Pa. 2018) (citation omitted). Possessing an instrument of crime is a first-degree misdemeanor for which the maximum penalty is five years' imprisonment. 18 Pa.C.S.A. §§ 907, 1104(1). Simple assault is a second-degree misdemeanor for which the maximum penalty is two years' imprisonment. 18 Pa.C.S.A. §§ 2701, 1104(2). As Appellant received an aggregate prison term less than the maximum sentences for both offenses to which he pled guilty, the illegal sentencing claim is frivolous.

The second portion of Appellant's final issue challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

> In order to reach the merits of a discretionary aspects claim,
>
> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or

her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

***Commonwealth v. Foust***, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal; however, he did not preserve a challenge to the discretionary aspects of his sentence at the sentencing hearing or via a post-sentence motion. Hence, the discretionary aspects challenge is frivolous.

In sum, we conclude that the issues raised in counsel's ***Anders*** brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are wholly frivolous, we affirm the judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18

- 6 -