J-S09020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLISON ROSE KORMAN | : | |
| | : | |
| Appellant | : | No. 1419 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000013-2023

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED SEPTEMBER 2, 2025**

Allison Rose Korman ("Korman") appeals from the judgment of sentence entered by the Wayne County Court of Common Pleas ("trial court") after the trial court convicted her of the summary offenses of disorderly conduct and harassment.[1]   Korman's counsel, Attorney Steven Burlein ("Counsel") originally filed in this Court a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   Because one of the issues Counsel identified was not wholly frivolous, we denied Counsel's petition and remanded for the filing of an advocate's brief.   ***See Commonwealth v. Korman***, 1419

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5503(a)(4), 2709(a)(3).

EDA 2024, 2025 WL 1577328, at *4-6 (Pa. Super. June 4, 2025) (non-precedential decision). Counsel has now filed an advocate's brief arguing that the evidence was insufficient to convict Korman of disorderly conduct; the Commonwealth filed a responsive brief. Upon review, we conclude that the evidence was insufficient to sustain Korman's disorderly conduct conviction.

As we set forth in our prior decision, in 2022, Korman was an employee at Vinnie's Original Brooklyn Bagels in Honesdale, Pennsylvania for approximately two months. In July 2022, Vincent Nicoletti ("Nicoletti"), the owner of the store, terminated Korman's employment after he discovered money was missing from the cash register.

Korman filed a Pennsylvania Human Relations Commission Action ("HRCA") complaint against Nicoletti in which she alleged that Nicoletti wrongfully terminated her because she had a disability. In November 2022, Nicoletti completed the paperwork necessary for Korman's HRCA complaint and mailed a copy to her home address. This enraged Korman and on November 11, 2022, she began calling Nicoletti repeatedly, screaming at him. She also left him a voicemail in which she told him that he was going to "pay for what he did" and threatened to press charges against him and his business partner, Jessica Hall ("Hall"), as Korman claimed Hall threw boiling water on her one day at work.

The next morning, Korman entered the bagel shop at approximately 7:20 a.m. She began pacing back and forth, waving her phone around, and

demanded to speak with Hall. Mistaking Korman's phone for a gun, store employee JoAnn Butler ("Butler") dropped to the floor and hid behind a display counter. When Hall came to the front of the store, Korman began berating her, calling her a thief, a terrible manager, and accused her of burning her with boiling water. Korman then proceeded to block the cash register so customers could not make any purchases. Hall informed Korman that she was not welcome in the store and asked her to leave, but Korman refused and continued to scream at Hall. After Korman finally left the store, Hall called Nicoletti and the Pennsylvania State Police ("PSP").

On November 17, 2022, the PSP filed a criminal complaint in which it charged Korman with defiant trespass, harassment, and disorderly conduct. On February 1, 2024, following a nonjury trial, the trial court found Korman guilty of disorderly conduct and harassment, and not guilty of defiant trespass. On April 4, 2024, the trial court sentenced Korman to two consecutive terms of ninety days of probation on her disorderly conduct and harassment convictions. The trial court also imposed several conditions on Korman's probation, including that she have no contact with Nicoletti, Hall, and Butler. Korman filed a timely post-sentence motion, which the trial court denied on April 29, 2024.

Korman timely appealed to this Court. On May 21, 2024, the trial court ordered Korman to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 24,

2024, in lieu of filing a Rule 1925(b) statement, Counsel filed a statement of intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4).

Counsel then filed an *Anders* brief in this Court in which he asserted that he was unable to identify any non-frivolous issues to raise on appeal. *See Anders* Brief at 15-22. Specifically, Counsel asserted that Korman's challenges to the no contact provision of her probation, the weight of evidence underlying her convictions, and the sufficiency of the evidence to support her harassment and disorderly conduct convictions were all frivolous. *See id.*

While this Court largely agreed with Counsel's analysis of Korman's case, we disagreed with Counsel's assessment in one respect—that a challenge to the sufficiency of the evidence of Korman's conviction for disorderly conduct lacked any basis in law or fact. *Korman*, 2025 WL 1577328, at *3-5 (quoting *Commonwealth v. Blauser*, 166 A.3d 428, 434 (Pa. Super. 2017) ("While ultimately, appellant may not be entitled to any relief, we cannot say that the appeal is 'wholly frivolous,' i.e., without any basis in law or fact.")). To the contrary, we observed that Counsel failed to explain how Korman's actions "satisfied each of the necessary elements to sustain a conviction of disorderly conduct under section 5503(a)(4)." *Id.* We specifically noted that although the *Anders* brief set forth "the definition of disorderly conduct pursuant to section 5503(a)(4)," it did not discuss the "terms contained within the definition, such as 'hazardous condition' or 'physically offensive condition,'" nor did it "cite any caselaw to support a

finding that Korman's actions satisfied either of the two statutory requirements." *Id.* We therefore directed Counsel to submit an advocate's brief "concerning the sufficiency of the evidence to sustain Korman's disorderly conduct conviction, as well as any other non-frivolous issues that counsel may identify[.]" *Id.* at 6.

Counsel complied and submitted an advocate's brief challenging the sufficiency of the evidence to sustain Korman's conviction of disorderly conduct. Advocate's Brief at 15-22. Korman acknowledges that the evidence shows that she behaved in a belligerent manner while in the bagel shop, but asserts it did not rise to the level of creating a hazardous or physically offensive condition. *Id.* at 21. Korman maintains that although her behavior may have inconvenienced the staff and patrons of the store, it did not satisfy the elements of disorderly conduct under section 5503(a)(4). *Id.*

We adhere to the following standard in reviewing a challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019) (citation omitted).  Whether the evidence is sufficient to sustain a conviction presents a pure question of law for which our standard of review is de novo. *Commonwealth v. Akeley*, 320 A.3d 106, 110 (Pa. Super. 2024).

Pursuant to the provision for which Korman was tried and convicted, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," she "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."  18 Pa.C.S. § 5503(a)(4).  "A condition is hazardous if it involves danger or risk of the possibility of injuries resulting from public disorders."  *Commonwealth v. Coniker*, 290 A.3d 725, 735 (Pa. Super. 2023) (quotation marks and citation omitted).  A "physically offensive condition encompasses direct assaults on the physical senses of members of the public as opposed to merely morally offensive conduct."  *Id.* (quotation marks and citation omitted).  This Court has "explained that a defendant can create a physically offensive condition if she invades the physical privacy of another in an extreme manner or if she sets off a 'stink bomb', strews rotting garbage in public places, or shines blinding lights in the eyes of others."  *Commonwealth v. McConnell*, 244 A.3d 44, 49 (Pa. Super. 2020).  Importantly, our Supreme Court has cautioned that "the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people" and should not "be used as a dragnet for all the irritations which breed

in the ferment of a community." ***Commonwealth v. Hock***, 728 A.2d 943, 947 (Pa. 1999).

The record reflects that on November 12, 2022, Korman entered Vinnie's Original Brooklyn Bagels at around 7:00 a.m. and began pacing back and forth, waving her arms around, and screaming that she wanted to speak to Hall, the store's manager. N.T., 2/1/2024, at 18-19, 27. Korman proceeded to block the store's register so customers could not make any purchases. ***Id.*** at 20. When Hall went to the front of the store to speak with Korman, she accused Hall of throwing boiling water on her, told her that she was a terrible manager, and claimed that she was at the store to collect video evidence for the Governor. ***Id.*** at 19, 28. Hall then told Korman that she was no longer welcome in the store and demanded that she leave. ***Id.*** at 29. Korman exited shortly after Hall's request, as Hall estimated that the entire interaction lasted about two or three minutes. ***Id.*** at 29-30.

There is no question the evidence sufficiently established that Korman's acted "with intent to cause public inconvenience, annoyance or alarm," which served "no legitimate purpose"; the question remains, however, whether her actions created a "hazardous or physically offensive condition." ***See*** 18 Pa.C.S. § 5503(a)(4). The Commonwealth asserts that the evidence shows Korman created a hazardous condition because her "tirade caused employees to be frazzled and scared—so scared, in fact, that one of them hid behind the counter." Commonwealth's Response Brief at 9. The Commonwealth further

asserts that whenever "a person is angry and threatening, in a public space—and that person has an item that could be mistaken for a gun—it is reasonable to infer that the situation could quickly lead to violence. *Id.* at 10.[2]

The Commonwealth is correct that Butler, a bagel shop employee, testified that she dove behind a counter because she believed Korman was holding a gun when Korman, in fact, was merely holding her phone. *See* N.T., 2/1/2024, at 19. This testimony, however, represents nothing more than her erroneous understanding of the situation—it is not evidence that Korman created a hazardous condition.

We also find unavailing the Commonwealth's argument that every time a person behaves in a belligerent manner in public it creates a dangerous condition. Acceptance of this proposition would allow for disorderly conduct to become the "catchall" for annoying, disturbing, or irritating behavior that our Supreme Court cautioned against. *See Hock*, 728 A.2d at 947.

The express language of section 5503(a)(4) states that to be guilty of disorderly conduct, a person must "**create** a hazardous or physically offensive condition[.]" 18 Pa.C.S. § 5503(a)(4) (emphasis added). The statute does not state that the actor only must cause a reasonable person to believe they are in danger, or a person present during the incident to believe that they are

---

[2] We note that the trial court did not file an opinion following Korman's appeal to this Court, as Counsel filed a statement of intent to file an *Anders* brief in lieu of a Rule 1925(b) statement.

- 8 -

at risk of harm. **See id.** Thus, under section 5503(a)(4), a person must have objectively created "a hazardous or physically offensive condition" for the individual to be guilty of disorderly conduct. **See id.** As the Commonwealth failed to present evidence that Korman's actions created an actual hazardous or physically offensive condition at the bagel shop, it failed to present evidence sufficient to sustain her conviction of disorderly conduct.

Based on the foregoing, we reverse Korman's conviction of disorderly conduct. As the reversal of her disorderly conduct conviction may disrupt the trial court's sentencing scheme, we vacate her judgment of sentence and remand this matter to the trial court for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006).

Conviction of disorderly conduct reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

President Judge Lazarus joins the memorandum. President Judge Emeritus Stevens notes his dissent.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025

- 9 -