J-S07014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.L., BIOLOGICAL | : | |
| MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1787 MDA 2018 |

Appeal from the Decree Entered October 3, 2018
In the Court of Common Pleas of Cumberland County
Orphans' Court at No(s):  73 Adoptions 2018

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                     **FILED FEBRUARY 25, 2019**

A.L. ("Mother") appeals from the October 3, 2018 decree terminating her parental rights to her 11-year-old daughter K.L. ("Child").  On this direct appeal, court-appointed counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **In re V.E.**, 611 A.2d 1267 (Pa. Super. 1992).[1]  We conclude that Mother's counsel complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's application to withdraw and affirm the decree terminating Mother's parental rights.

[1] In **In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992), this Court extended the **Anders** principles to appeals involving the termination of parental rights.

_____

*   Retired Senior Judge assigned to the Superior Court.

Child was born in 2007. On May 8, 2014, Child was adjudicated dependent because of Mother's mental health struggles and Child's refusal to attend school. On October 16, 2014, the trial court ended the dependency. On September 22, 2016, Child was again adjudicated dependent because of Mother's drug use and mental health problems. On April 27, 2017, the trial court ordered Child removed from Mother's care and placed in a foster home.

On March 15, 2018, Cumberland County Children and Youth Services ("CYS") filed a petition for goal change and a petition to terminate Mother's parental rights as to Child. On September 28, 2018, the trial court held a termination hearing.[2] On October 3, 2018, the trial court terminated Mother's parental rights as to Child.[3] This timely appeal followed.[4]

Counsel raises two issues in his ***Anders*** brief:

1. Whether the [t]rial [c]ourt abused its discretion and committed an error of law when it found, despite a lack of clear and convincing evidence, that sufficient grounds existed for a termination of [Mother's] parental rights under . . . 23 Pa.C.S.A. § 2511(a)[?]

2. Whether the [t]rial [c]ourt abused its discretion and committed an error of law in determining it would be in [C]hild's best interest to have parental rights terminated, when it failed to primarily

---

[2] A guardian *ad litem* represented Child's best interest and separate counsel represented Child's legal interest.

[3] Child's legal father and biological father consented to the termination of their parental rights as to Child.

[4] Mother and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

consider [C]hild's developmental, physical[,] and emotional needs and welfare, thus contravening . . . 23 Pa.C.S.A § 2511(b)[?]

***Anders*** Brief at 5.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***See Commonwealth v. Blauser***, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under ***Anders***, court-appointed counsel

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention.

***Commonwealth v. Cook***, 175 A.3d 345, 348 (Pa. Super. 2017) (cleaned up).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Santiago***, 978 A.2d 349, 355 n.5 (Pa. 2009) (citation omitted). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to

withdraw. In the case at bar, counsel has met all of the above procedural obligations.[5] We now turn to whether this appeal is wholly frivolous.

We review an order involuntarily terminating parental rights for an abuse of discretion. *In re G.M.S.*, 193 A.3d 395, 399 (Pa. Super. 2018) (citation omitted). "The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination[.]" *In re Adoption of J.N.M.*, 177 A.3d 937, 942 (Pa. Super. 2018), *appeal denied*, 183 A.3d 979 (Pa. 2018) (citation omitted).

The first issue raised in counsel's *Anders* brief is whether the trial court erred in concluding that the requirements of section 2511(a) were satisfied. "In order to affirm the termination of parental rights, this Court need only agree with any one subsection under [s]ection 2511(a)." *In re Interest of D.F.*, 165 A.3d 960, 966 (Pa. Super. 2017), *appeal denied*, 170 A.3d 991 (Pa. 2017) (citation omitted). The trial court found that the requirements of sections 2511(a)(2), (5), and (8) were satisfied. We focus our attention on section 2511(a)(8), which provides that a parent's rights to a child may be involuntarily terminated if

> [t]he child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist[,] and termination of parental rights would best serve the needs and welfare of the child.

---

[5] Mother did not file a response to counsel's *Anders* brief.

23 Pa.C.S.A. § 2511(a)(8).

In this case, there is no dispute that Child was removed from Mother's care for at least 12 months at the time of the termination hearing. Hence, we initially focus our inquiry on whether the conditions which led to Child's removal from Mother's care continued to exist at the time the trial court terminated Mother's parental rights. As noted above, Child was removed from Mother's care because of her drug use. Over one year later, at the time of the termination hearing, CYS could not confirm Mother's progress with respect to drug treatment. *See* N.T., 9/28/18, at 19.

More importantly, Mother failed to receive any mental health treatment or counseling. *Id.* at 54-55. Mother knew that mental health treatment and counseling were critical to gaining physical custody of Child. *See id.* at 49. Because Mother failed to remedy the situation that led to Child's removal from her care, and, as discussed below, termination of parental rights would best serve the needs and welfare of Child, the trial court correctly concluded that the requirements of section 2511(a)(8) were satisfied.

Having determined that CYS proved by clear and convincing evidence the requirements of section 2511(a)(8), we next consider section 2511(b)'s requirements. The focus in terminating parental rights under section 2511(a) is on the parent, but the focus under section 2511(b) is on the child. *See In re M.Z.T.M.W.*, 163 A.3d 462, 464 (Pa. Super. 2017) (citation omitted).

> Section 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional

needs and welfare of the child. As this Court has explained, Section 2511(b) does not explicitly require a bonding analysis and the term bond is not defined in the Adoption Act. Case law, however, provides that analysis of the emotional bond, if any, between parent and child is a factor to be considered as part of our analysis. While a parent's emotional bond with his or her child is a major aspect of the []section 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child.

*In re Adoption of C.D.R.*, 111 A.3d 1212, 1219 (Pa. Super. 2015) (cleaned up). Moreover, "[c]ommon sense dictates that courts considering termination must also consider whether the children are in a pre-adoptive home and whether they have a bond with their foster parents." *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citation omitted).

Child testified at the termination hearing that she preferred to have Mother's parental rights terminated. N.T., 9/28/18, at 7. She explained that Mother "can't do what she's supposed to do." *Id.* at 8. She then clarified that Mother was not receiving the mental health and drug treatment necessary for Mother to properly care for her. *See id.* Child's foster mother and a CYS caseworker confirmed that Child's foster mother was providing the necessary care and support for Child's developmental, physical, and emotional needs. The guardian *ad litem* concurred with these witnesses' testimony. Contrast this with the lack of care and support that Child received when she was living with Mother. The trial court found that Child needs stability in her life and that foster mother provides that stability while Mother does not. We agree with this finding. Accordingly, we conclude that CYS proved by clear and

convincing evidence that termination of Mother's parental rights was in Child's best interest.

In sum, we conclude that the issues raised in counsel's **Anders** brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are wholly frivolous, we affirm the decree terminating Mother's parental rights.

Application to withdraw as counsel granted. Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2019