J-S55034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN DANIEL GUNTHER | : | |
| | : | |
| Appellant | : | No. 501 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 5, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002461-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED OCTOBER 31, 2019**

Appellant, Jonathan Daniel Gunther, appeals from the judgment of sentence of 40 to 80 months of confinement, which was imposed after he pleaded guilty to aggravated assault.[1]  With this appeal, appellate counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

On October 12, 2018, the Commonwealth filed an information against Appellant, charging him with six counts.  The first five counts were later *nolle prossed*.  For Count Six, the information stated:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

[2] **Anders v. California**, 386 U.S. 738 (1967).

AND THE DISTRICT ATTORNEY FURTHER CHARGES that on [August 21, 2018,] in the said County of Erie and State of Pennsylvania, the said JONATHAN DANIEL GUNTHER did attempt to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, to-wit:  the said JONATHAN DANIEL GUNTHER did strike the victim, George Arrington, in his head and/or face with a crowbar, occurring at . . . ,[3] City of Erie, Erie County, Pennsylvania; thereby said JONATHAN DANIEL GUNTHER did commit the crime of AGGRAVATED ASSAULT, a Felony of the First Degree.

Information, 10/12/2018, at 2.

On December 20, 2018, Appellant signed Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea ("Written Colloquy").

The Written Colloquy stated, in relevant part:

[M]y plea is made voluntarily by me without any pressure or promise not reflected on this paper . . .

1.    I understand the crime(s) I am charged with; I have received a copy of the information and I was notified of the crime(s) against me at my arraignment; my attorney has reviewed the charge(s) with me as well as the elements of each particular crime. . . .

3.    I understand that I have a right to a trial by jury.  I am presumed innocent until found guilty and the Commonwealth must prove my guilt beyond a reasonable doubt. . . .

4.    I understand that the maximum sentence for the crime(s) to which I am pleading guilty/no contest is **COUNT 6: $25,000/20 YEARS.** . . .

[5.]    The <u>only</u> plea bargain in my case is **pleading guilty to COUNT 6, DEADLY WEAPONS ENHANCEMENT.  In exchange,**

---

[3] We have chosen to remove the house numbering and street name from the victim's address wherever they appear in a quotation from the record, in order to protect the victim's privacy, as there is no dispute over the location of the assault.

**the Commonwealth will *nolle pros* THE REMAINING COUNTS, with costs on the defendant.** . . .

6. I understand that the Judge is not bound by the terms of any plea bargain unless the judge chooses to accept it.

Written Colloquy, 12/20/2018, at Introductory Paragraph & ¶¶ 1, 3-6 (emphasis in original).

At the beginning of the guilty plea hearing, also on December 20, 2018, the Commonwealth explained: "You have a right to a trial by jury. You are presumed innocent until found guilty and the Commonwealth must prove your guilt beyond a reasonable doubt." N.T., 12/20/2018, at 4. When the Commonwealth asked Appellant if he "ha[d] any questions about these rights[,]" Appellant answered negatively. *Id.* at 6. The Commonwealth then asked Appellant if he understood that he will "face a maximum possible penalty of up to $25,000 and 20 years[,]" and he answered affirmatively. *Id.* at 7. The hearing continued:

> [THE COMMONWEALTH]: Mr. Gunther, now I'm going to go over the legal and factual basis of this charge: You did attempt to cause serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. Specifically, you struck the victim George Arrington in his head and face with a crowbar and this occurred at . . . in the City of Erie, thereby, committing the crime of aggravated assault which is a felony of the first degree. How do you plead to Count 6?
>
> [APPELLANT]: Guilty.

*Id.* at 8.

During his sentencing hearing on March 5, 2019, Appellant stated that he "would like to apologize to the victim[.]" N.T., 3/5/2019, at 7. At the conclusion of the hearing, the trial court declared as follows:

> I'm taking into account the statements of both counsel, the statement of [Appellant], Pre-Sentence Investigation Report which details the seriousness of the crimes charged. Also taking into account [Appellant]'s relative young age and the fact that the prior record of [Appellant] is minimal. . . . I'm also taking into account the psychological evaluation of [Appellant] which notes that it appears [Appellant] is amenable for mental health intervention.

*Id.* at 8-9. The trial court then sentenced Appellant to 40 to 80 months of confinement. *Id.* at 9.

On March 11, 2019, Appellant filed post-sentence motions to withdraw his guilty plea and to reconsider and to modify sentence, which the trial court denied later that same day. On April 2, 2019, appellate counsel filed this timely direct appeal and a statement of intent to file an *Anders* brief in lieu of a statement of errors complained of on appeal.[4]

In the *Anders* brief, filed July 24, 2019, appellate counsel presented the following issues:

> A. Whether the trial court abused its[] discretion when it denied Appellant's post-sentence motion requesting to withdraw his plea.
>
> B. Whether [A]ppellant's sentence is manifestly excessively, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

---

[4] On May 8, 2019, the trial court entered a one-paragraph document entitled "Memorandum Opinion" in which it stated that "no Opinion is necessary."

***Anders*** Brief at 3.

That same day, appellate counsel sent a letter to Appellant, informing him that she intended to file a petition for leave to withdraw, and she filed her petition to withdraw. Letter from Emily M. Merski, Esquire, to Jonathan Gunther (July 24, 2019); Petition for Leave to Withdraw as Counsel, 7/24/2019. Appellant has not filed a *pro se* response to that petition.

On August 7, 2019, the Commonwealth sent a letter to this court stating that it did not intend to file a responsive brief. Letter from Nicholas A. Maskrey, Esquire, to Nicholas V. Corsetti, Deputy Prothonotary (August 7, 2019).

"[W]hen presented with an ***Anders*** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Blauser***, 166 A.3d 428, 431 (Pa. Super. 2017). An ***Anders*** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client.

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Schmidt***, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citations and internal brackets and quotation marks omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004)). "We must also 'conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.'" ***In re J.D.H.***, 171 A.3d 903, 908 (Pa. Super. 2017) (quoting ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted)).

In this appeal, we observe that appellate counsel's July 24, 2019, correspondence to Appellant provided a copy of the ***Anders*** brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention.

Further, appellate counsel's *Anders* Brief, at 4, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellant's counsel believes there is nothing in the record that arguably supports Appellant's first appellate claim but advances a relevant portion of the record that arguably supports Appellant's second appellate claim. *Id.* at 8-9. Ultimately, appellate counsel cites her reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." *Id.* at 10. Counsel's *Anders* brief and procedures thus comply with the requirements of *Santiago* and *Schmidt*. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

**Guilty Plea**

Appellant first challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea. *Anders* Brief at 6.

> We begin by setting forth our standard of review. In *Commonwealth v. Broaden*, 980 A.3d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:
>
>> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, 551 Pa. 622, 712 A.2d 749, 751 (1998) (citation omitted).

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Appellant specifically argues that:

[H]is plea was not knowingly made as he was not informed of the elements of the charged offense prior to entering his plea and as such was not aware of the legal and factual basis for his plea. Further, the Appellant argues that his plea was not freely or voluntarily made.

It is clear that a manifest injustice exists in this case as the Appellant claims he was not aware and lacked understanding of the legal and factual basis of the charges against him.

*Anders* Brief at 6-7.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super.

2011); *accord Commonwealth v. Wilcox*, 174 A.3d 670, 674 (Pa. Super.

2017), *appeal denied*, 184 A.3d 545 (Pa. 2018).

> Pa.R.Crim.P. 590, which pertains to procedures for entering pleas and plea agreements, requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is voluntarily and understandingly tendered. The comments to Pa.R.Crim.P. 590 provide that at a minimum, the court should make the following inquiries:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?
> >
> > (4) Does the defendant understand that he or she is presumed innocent until found guilty?
> >
> > (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
> >
> > (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Pa.R.Crim.P. 590, Comment.

*Commonwealth v. McGarry*, 172 A.3d 60, 66-67 (Pa. Super. 2017)

(footnote omitted), *appeal denied*, 185 A.3d 966 (Pa. 2018).

*The Nature of the Offense*

For the first consideration -- whether Appellant understood the nature

of the charge to which he pleaded guilty, *id.* at 67 -- a defendant is deemed

to understand the nature of the offense if, in conjunction with the facts set

forth in the oral colloquy, he executed a document admitting that he was

advised of the charge in the information, which must clearly set forth the elements of that crime. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

In the current action, Appellant pleaded guilty to aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), which states: "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" These elements were explicitly set forth in the information. Information, 10/12/2018, at 2 (Appellant "did attempt to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life").

Appellant executed the Written Colloquy, stating that he "received the copy of the information[.]" Written Colloquy, 12/20/2018, at ¶ 1. In conjunction with the facts set forth during the oral colloquy, N.T., 12/20/2018, at 8, Appellant is thus deemed to have understood the nature of the offense. *Morrison*, 878 A.2d at 108.

Additionally, in the Written Colloquy, Appellant acknowledged: "I understand the crime(s) I am charged with" and "my attorney has reviewed

the charge(s) with me as well as the elements of each particular crime."
Written Colloquy, 12/20/2018, at ¶ 1.[5]

Accordingly, the record demonstrates that Appellant was informed of
the element of aggravated assault and understood the nature of this charge
to which he was pleading guilty, and, consequently, he cannot later assert
grounds for withdrawing his plea that contradict the statements he made at
his plea colloquy.  **McGarry**, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P.
590, Inquiry No. 1); **Yeomans**, 24 A.3d at 1047; **contra Anders** Brief at 6.

### *A Factual Basis for the Plea*

During the oral colloquy, the Commonwealth briefly recited the facts:
"[Appellant] struck the victim George Arrington in his head and face with a
crowbar and this occurred at . . . in the City of Erie[.]"  N.T., 12/20/2018, at
8.  Although neither the Commonwealth nor the trial court asked Appellant if
this factual recitation were correct, immediately after this recital, the
Commonwealth asked Appellant how he pleaded, and Appellant answered,
"Guilty."  **Id.**  By pleading guilty to these charges, the "necessary implication"
is that Appellant "acknowledged that he performed the acts outlined in the
factual basis for the plea.  There simply is no legal requirement that a factual
basis be separately admitted after its recitation for entry of a valid guilty plea."

---

[5] The Commonwealth also stated the elements of aggravated assault in court
during Appellant's oral colloquy, although neither it nor the trial court asked
Appellant whether he understood the elements.  N.T., 12/20/2018, at 8.

*Morrison*, 878 A.2d at 106. Appellant "is bound by" this statement that "he made in open court while under oath[,]" *Yeomans*, 24 A.3d at 1047, and, ergo, he cannot now assert that he "was not aware of the . . . factual basis for his plea." *Anders* Brief at 6; *see also McGarry*, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P. 590, Inquiry No. 2).

### *Remaining Inquiries*

Pursuant to our review of the record, the remaining factors used to determine whether a plea was voluntarily and understandingly tendered were made. *See McGarry*, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P. 590, Inquiries Nos. 3-6). Appellant was informed in both the written and oral colloquy that he had the right to a trial by jury and the presumption of innocence, and he indicated that he understood. Written Colloquy, 12/20/2018, at ¶ 3; N.T., 12/20/2018, at 4, 6 (replied negatively when asked if he had any questions); *see McGarry*, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P. 590, Inquiries Nos. 3-4). Appellant was made aware that the maximum permissible sentence was 20 years of confinement and $25,000 in fines in the written colloquy and by the Commonwealth during his plea hearing, and he again stated that he understood. Written Colloquy, 12/20/2018, at ¶ 4; N.T., 12/20/2018, at 7; *see McGarry*, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P. 590, Inquiry No. 5). Finally, the written colloquy informed Appellant "that the Judge was not bound by the terms of any plea bargain unless the judge chooses to accept it"; Appellant signed the

written colloquy demonstrating that he understood. Written Colloquy, 12/20/2018, at ¶ 6; *see McGarry*, 172 A.3d at 67 (citing Comment to Pa.R.Crim.P. 590, Inquiry No. 6).

\* \* \*

In addition to satisfying all the inquiries articulated in *McGarry*, 172 A.3d at 67, and the Comment to Pa.R.Crim.P. 590, Appellant broadly acknowledged in his Written Colloquy that his plea was "made voluntarily by [him] without pressure or promise[.]" Written Colloquy, 12/20/2018, at Introductory Paragraph.

For the foregoing reasons, we find that Appellant's contention that his plea was not made knowingly, understandingly, and voluntarily to be without merit. *See Anders* Brief at 6-7. Accordingly, Appellant has failed to demonstrate that "manifest injustice" resulted from the trial court's denial of his post-sentence motion to withdraw his guilty plea. *Kehr*, 180 A.3d at 756-57. Consequently, pursuant to our own independent judgment, we find this first claim to be frivolous. *Goodwin*, 928 A.2d at 291.

**Sentencing**

Next, Appellant challenges the discretionary aspects of his sentence. *Anders* Brief at 7.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to

reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his *Anders* brief pursuant to Pa.R.A.P. 2119(f). *Anders* Brief at 4-5. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Manivannan*, 186 A.3d at 489 (quotation marks and some citations omitted).

Appellant's Pa.R.A.P. 2119(f) statement maintains:

A claim that the sentencing court sentenced within the guidelines but failed to consider the factors set out in 42 Pa. C.S.A. § 9721(b)[6] presents a substantial question. *Commonwealth*

_____

6    [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to

- 14 -

***v. Stewart***, 867 A.2d 598, 592 (Pa. Super. Ct. 2005). Appellant respectfully asks the Court to deem the challenge to his sentence a substantial question entitling him to appellate review of the discretionary aspects of his sentence.

***Anders*** Brief at 5. Although this statement is unartfully worded, as Appellant never explicitly states that the court that sentenced him failed to consider the Section 9721(b) factors, ***see id.***, we comprehend that he intended this meaning. Appellant has hence argued that his sentence is inconsistent with a specific provision of the Sentencing Code and thereby raises a substantial question for our review. ***Manivannan***, 186 A.3d at 489.

Having found that Appellant's sentencing challenge merits our discretionary review, we turn to Appellant's specific claims that the trial court failed to consider that he "took responsibility for his actions in entering a plea . . . and further expressed remorse to the victims in this case at his sentencing hearing. Further, the Appellant argues his lack of any significant criminal history and his mental health diagnoses were not given due consideration[.]" ***Anders*** Brief at 7.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Preliminarily, we note that Appellant's assertion that he "took responsibility for his actions in entering a plea" is inconsistent with his entire first appellate claim -- that his guilty plea was not knowingly, understandingly, and voluntarily entered. *Anders* Brief at 6-7. Appellant cannot receive recognition for something he simultaneously claims he did not do.

As for Appellant's remaining allegations, *id.* at 7, they are defied by the record. The trial court explicitly stated that it was "taking into account . . . the statement of [Appellant,]" which included his apology to the victim. N.T., 3/5/2019, at 7-8. The trial court also specifically asserted that it was "taking into account . . . the fact that the prior record score of [Appellant] is minimal" and "the psychological evaluation of [Appellant,]" *id.* at 8-9, thereby contradicting Appellant's contentions that the trial court did not consider "his lack of any significant criminal history and his mental health diagnoses[.]" *Anders* Brief at 7.

For these reasons, Appellant has failed to demonstrate a manifest abuse of discretion, and we therefore will not disturb Appellant's sentence on appeal. *Lekka*, 210 A.3d at 350. Consequently, pursuant to our own independent judgment, we find Appellant's second and final claim to be frivolous. *Goodwin*, 928 A.2d at 291.

\* \* \*

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack merit. In addition, we have reviewed the certified record consistent with **J.D.H.**, 171 A.3d at 908, and **Flowers**, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/19