J-S55040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK COOK | : | |
| | : | |
| Appellant | : | No. 773 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003397-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED NOVEMBER 19, 2019**

Appellant, Mark Cook, appeals from the aggregate judgment of sentence of six to twelve months of confinement followed by 60 months of probation, which was imposed after he pleaded guilty to two counts of intentional possession of a controlled substance by a person not registered.[1]  With this appeal, appellate counsel has filed a petition to withdraw and an **_Anders_**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

On October 10, 2018, pursuant to a plea agreement, Appellant pleaded guilty to one count of possession of cocaine and one count of possession of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

heroin. N.T. at 3-5. In exchange, the Commonwealth withdrew five additional counts: one count of possession of firearm prohibited; two counts of manufacture, delivery, or possession with intent to deliver a controlled substance; one count of use or possession of drug paraphernalia; and one count of conspiracy to commit manufacture, delivery, or possession with intent to deliver a controlled substance.[3] The parties made no agreement as to sentencing.

Appellant completed a written guilty plea colloquy, which informed him that his "plea must be voluntary" and that he had "an absolute right to have a trial by judge or jury." Written Guilty Plea Colloquy, 10/10/2018, at 1. Appellant answered affirmatively to the written colloquy's questions about whether he understood that his sentences could be imposed consecutively and what the maximum possible sentences are, whether he knew that he had the presumption of innocence, and whether his attorney has discussed the elements of the offenses and the factual basis for each charged offense. *Id.* at 2, 4, 8. Appellant also acknowledged that he knew that the trial court was not bound by the plea agreement. *Id.* at 10. Appellant handwrote his answers to each question, initialed each page, and signed at the end of the written colloquy. *See generally id.* The trial court also reviewed the permissible range of sentences if Appellant had been convicted of all seven

_____

[3] 18 Pa.C.S. § 6105(a)(1), 35 P.S. § 780-113(a)(30), (32), and 18 Pa.C.S. § 903, respectively.

counts originally charged and reaffirmed that Appellant understood that he would have had a right to a trial by jury if he had not pleaded guilty. N.T. at 4-5, 7-8.

Appellant proceeded immediately to his sentencing hearing, during which the Commonwealth stated that Appellant had "a prior conviction for possession with intent to deliver a controlled substance from 1999[,]" and Appellant did not object to this assertion. *Id.* at 9. At the conclusion of the sentencing hearing, the trial court sentenced Appellant to three to six months of confinement followed by 30 months of probation on each count, with the terms of confinement to be served consecutively to each other and the terms of probation to be served consecutively to the confinement and to each other. On November 7, 2018, Appellant filed this timely direct appeal.[4]

On July 31, 2019, appellate counsel filed an **Anders** brief, in which he presented the following issues:

> I.     Whether trial counsel provided ineffectiveness of counsel by advising Appellant to accept the guilty plea?
>
> II.    Whether Appellant's sentence was illegal?

**Anders** Brief at 6 (trial court's answers omitted). That same day, appellate counsel sent a letter to Appellant, informing him that he intended to file a petition for leave to withdraw, and he filed his petition to withdraw. Appellant has not filed a *pro se* response to that petition.

---

[4] Appellant filed his statement of errors complained of on appeal on May 28, 2019. The trial court entered its opinion on June 26, 2019.

"[W]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citations and internal brackets and quotation marks omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent

- 4 -

judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004)). "We must also 'conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.'" ***In re J.D.H.***, 171 A.3d 903, 908 (Pa. Super. 2017) (quoting ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted)).

In this appeal, we observe that appellate counsel's July 31, 2019, correspondence to Appellant provided a copy of the ***Anders*** brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, appellate counsel's ***Anders*** Brief, at 7-11, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Appellant's first claim on appeal, ***id.*** at 16, but believes there is nothing in the record that arguably supports Appellant's second appellate claim. Ultimately, appellate counsel cites his reasons and conclusion that Appellant's challenges are "wholly frivolous." ***Id.*** at 12-13, 17-18, 21. Counsel's ***Anders*** brief and procedures thus comply with the requirements of ***Santiago*** and ***Schmidt***. We therefore

proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Preliminarily, we note that, "as a general rule, claims of ineffective assistance of counsel should not be raised until collateral review[.]" **Commonwealth v. Miller**, 212 A.3d 1114, 1129 (Pa. Super. 2019). The Supreme Court of Pennsylvania has "created exceptions to that rule permitting ineffectiveness claims to be presented in post-sentence motions and on direct appeal under limited circumstances." **Commonwealth v. Delgros**, 183 A.3d 352, 355 (Pa. 2018). Those exceptions are where: (1) "the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "where there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent [Post Conviction Relief Act ("PCRA")] review from his conviction and sentence[.]" **Id.** (citing **Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013)). In the current action, we find no claim of ineffectiveness apparent from the record, and Appellant has not waived his entitlement to future PCRA review of his conviction and sentence. Accordingly, Appellant's first appellate claim merits no relief.[5]

_____

[5] To the extent that Appellant is challenging the voluntariness of his guilty plea, we would conclude that this issue also merits no relief, as the record supports a finding that Appellant's plea was entered knowingly, intelligently, and voluntarily. **Compare Commonwealth v. McGarry**, 172 A.3d 60, 66-67 (Pa. Super. 2017) (citing Official Comment to Pa.R.Crim. 590), *appeal*

Appellant next challenges the legality of his sentence. **Anders** Brief at 18. The **Anders** brief provides no explanation whatsoever as to why Appellant's sentence should be considered illegal, **see id.** at 18-21, and we find nothing in the record to support such a claim.[6] As the trial court explained:

> Because [Appellant] had a previous conviction for possession with intent to deliver a controlled substance in 1999, the statutory maximum sentence of imprisonment he faced at each count of conviction was not less than 18 months nor more than 36 months. [35 P.S. § 780-113(b).[7]] . . . [T]he sentences imposed by th[e trial c]ourt were in the mitigated range . . . The overall sentence imposed in this case was not illegal.

Trial Court Opinion, 6/26/2019, at 3-4.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant are frivolous. In addition, we have reviewed the certified record consistent with **J.D.H.**, 171 A.3d at 908, and **Flowers**, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

_____

*denied*, 185 A.3d 966 (Pa. 2018), **with** N.T. at 4-5, 7-8, **and** Written Guilty Plea Colloquy, 10/10/2018, at 1-2, 4, 8, 10.

[6] "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

[7] "[I]f the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years[.]" 75 P.S. § 780-113(b).

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/19/2019