J-S20026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS POWELL | |
| Appellant | No. 640 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008101-2013

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    Filed: July 23, 2020

Appellant, Marcus Powell, appeals from his judgment of sentence of 11½—23 months' imprisonment for carrying a firearm without a license.[1] Appellant argues that the trial court, the Court of Common Pleas of Philadelphia County, erred by denying his motion to dismiss the charges under the compulsory joinder rule, 18 Pa.C.S.A. § 110(1)(ii), because the Philadelphia Traffic Court previously found him guilty of summary vehicle offenses arising from the same criminal episode. Counsel has filed an ***Anders***[2] brief and an application to withdraw as counsel. We grant the application to withdraw, and we affirm.

---

[1] 18 Pa.C.S.A. § 6106(a)(1). The court also found Appellant guilty of carrying a firearm on the streets of Philadelphia without a license, 18 Pa.C.S.A. § 6108, but imposed no further penalty for this offense.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

On December 23, 2012, Appellant and a companion were sitting in Appellant's car in a parking lot behind an apartment building at 1120 North 66th Street in the City of Philadelphia. Officer Kevin Palmer and his partner were in uniform in a marked patrol car surveying the area in connection with a reported shooting. As the patrol car passed Appellant's car, Officer Palmer noted expired inspection and emissions stickers on its windshield. As Officer Palmer's car backed up to approach Appellant's car, Appellant and his companion ran in opposite directions from the car. Officer Palmer pursued Appellant and saw him pull a silver object from his right side. The object was a gun, but the officer could not determine at that moment whether it was a real gun. Appellant ran into the basement of the apartment building and locked the door behind him. Officer Palmer had to kick multiple times to gain entry. By the time he did, Appellant was out of sight, and nobody else was in the basement. The officer heard someone running up a staircase and the sound of a metallic object hitting the floor near the stairs. The officer was unable to apprehend Appellant, but when he returned to the basement, he retrieved a loaded Sig Sauer nine millimeter semi-automatic handgun. N.T. 11/13/15, at 13-20.

The car was registered to Appellant. Officer Palmer identified Appellant from a photograph as the person he chased, and an arrest warrant was issued. Appellant did not have a license to carry a firearm. The handgun was tested and was determined to be operable. *Id.* at 17-19, 23-24.

Appellant was charged with firearms violations under Section 6106(a)(1), a felony, and Section 6108, a misdemeanor. He also received two traffic citations for an expired inspection sticker and expired emission sticker, respectively.[3] On February 26, 2013, a Philadelphia Traffic Court magistrate found Appellant guilty *in absentia* of both violations and fined him for each violation. As of this date, the Philadelphia Traffic Court had exclusive jurisdiction over all prosecutions for summary offenses arising under the Motor Vehicle Code. On June 19, 2013, however, the Pennsylvania General Assembly amended the Judicial Code and merged the Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division. *See* Act No. 2013-17.

On June 21, 2013, following a preliminary hearing, the Philadelphia Municipal Court held Appellant for court on the firearms charges. Prior to trial in the Court of Common Pleas on November 13, 2015, Appellant moved to dismiss the firearms charges under the compulsory joinder rule. The Court of Common Pleas denied Appellant's motion on the ground that the Traffic Court magistrate who adjudicated Appellant's summary traffic violations did not have jurisdiction to hear any misdemeanor or felony charges. N.T. 11/13/15, at 7-8. The Court of Common Pleas presided over a non-jury trial and found Appellant guilty of the firearms charges. Subsequently, the court imposed sentence.

_____

[3] 75 Pa.C.S.A. §§ 4703(a) and 4706(c)(1), respectively.

- 3 -

Appellant did not file a direct appeal, but shortly after the appeal period expired, he filed a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541—9546, seeking reinstatement of his appellate rights *nunc pro tunc*. On February 19, 2019, the court granted Appellant's petition and permitted him to appeal *nunc pro tunc*. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his ***Anders*** brief, counsel reviewed the following issue before concluding that this appeal was wholly frivolous: "Was the dismissal of [A]ppellant's motion under the compulsory joinder rule in 18 Pa.C.S.[A.] § 110 proper when the alleged traffic offense occurred before the merger of Philadelphia's Traffic Court and Municipal Court[?]" ***Anders*** Brief at 6.

"When presented with an ***Anders*** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Blauser***, 166 A.3d 428, 431 (Pa. Super. 2017). To withdraw from an appeal under ***Anders***, counsel must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that she believes arguably supports the appeal; (3) set forth her conclusion that the appeal is frivolous; and (4) state her reasons for concluding that the appeal is frivolous, articulating the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. ***Id.*** Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the

appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Prieto**, 206 A.3d 529, 533 (Pa. Super. 2019). Substantial compliance with these requirements is sufficient. **Id.**

In this case, counsel's **Anders** brief summarizes the procedural history and facts with record citations, discusses the compulsory joinder issue that Appellant wanted addressed, concludes that the appeal was frivolous, provides reasons for this conclusion and requests leave to withdraw as counsel. Further, counsel served a copy of the **Anders** brief on Appellant. Appended to the brief is the letter that counsel sent to Appellant advising him of his rights to retain new counsel, represent himself *pro se*, or write to this Court raising any points he believes are meritorious. Therefore, counsel complied with **Anders'** technical requirements,[4] and we will proceed to the issue on appeal.

"The terms 'wholly frivolous' and 'without merit' are often used interchangeably in the **Anders** . . . context." **Commonwealth v. Blauser**,

_____

[4] While counsel served Appellant with the **Anders** brief, it appears that counsel did not serve Appellant with her application to withdraw as counsel. The **Anders** brief merely states that counsel "notified" Appellant of her application to withdraw, **id.** at 12, and there is no certificate of service attached to the application. This omission is insignificant, because the **Anders** brief clearly states that counsel seeks leave to withdraw and provides reasons for this request. **Id.** at 10-12. **Cf. Commonwealth v. Smith**, 701 A.2d 1301, 1303 & n.7 (Pa. Super. 1997) (deeming it "satisfactory" where counsel moved to withdraw in **Anders** brief and furnished the brief to appellant but did not file separate application to withdraw).

166 A.3d 428, 432 (Pa. Super. 2017).  "[Regardless of which] term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact." *Id.*

Appellant contends that his prosecution for traffic offenses in Traffic Court barred his subsequent prosecution for weapons offenses under the compulsory joinder rule in 18 Pa.C.S.A. § 110(1)(ii).  We disagree.  The subsequent prosecution was proper under 18 Pa.C.S.A. § 112(1), an exception to the compulsory joinder rule.

The issue of whether the compulsory joinder rule applies to this case is a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Fithian***, 961 A.2d 66, 71, n.4 (Pa. 2008).

Section 110(1)(ii) bars a subsequent prosecution if each prong of the following test is met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution. ***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013).

Section 112(1) provides that a former "prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title .

. . [if t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S.A. § 112(1). "Clearly, this provision is an exception to Section 110, because the exception applies to Sections 109—111." *Commonwealth v. Johnson*, 221 A.3d 217, 220 (Pa. Super. 2019).

Two recent decisions analyze the interplay between Section 110(1)(ii) and Section 112(1): our Supreme Court's decision in *Commonwealth v. Perfetto*, 207 A.3d 812 (Pa. 2019), and our own decision several months later in *Johnson*. In *Perfetto*, on July 3, 2014, the defendant was operating a motor vehicle in Philadelphia when a police officer stopped him. The officer issued the defendant a citation for the summary offense of driving without lights when required, 75 Pa.C.S.A. § 4302(a)(1). The defendant was also charged with three counts of driving under the influence ("DUI"), 75 Pa.C.S.A. § 3802. On September 4, 2014, a hearing officer in the Philadelphia Municipal Court's Traffic Division tried the defendant in absentia solely on the summary traffic offense and found him guilty. Notably, as of this date, the Traffic Court had ceased to exist as a separate court and had become a division of the Municipal Court. The Commonwealth proceeded separately on the DUI charges in the Philadelphia Municipal Court's General Division. Following a preliminary hearing, Appellee was held over for court and the matter was

listed for trial in the Philadelphia Court of Common Pleas.[5] In 2015, the Court

of Common Pleas granted the defendant's motion to dismiss the DUI charges

under Section 110. The Commonwealth appealed, and this Court reversed.

Our Supreme Court granted the defendant's petition for allowance of appeal,

reversed this Court's decision, and reinstated the order granting the order of

dismissal. The Supreme Court reasoned:

> [The defendant's] former prosecution for the summary offense of driving without lights when required resulted in a conviction; (2) [his] current prosecution for DUI arose during the same criminal episode, namely one traffic stop[,] . . . (3) the prosecutor was aware of [his] DUI charges before the commencement of [his] trial on his summary offense of driving without lights when required; and (4) [his] DUI offenses occurred within the same judicial district as the former prosecution, namely the First Judicial District.

*Id.* at 822. Thus, "a straightforward application of the plain language of

Subsection 110(1)(ii) of the compulsory joinder statute to the circumstances

---

[5] The Philadelphia Municipal Court has jurisdiction over DUI trials under 42 Pa.C.S.A. § 1123(a)(2), which provides jurisdiction over "[c]riminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles)." *Id.* There is, however, one procedural exception. The Commonwealth has the right to demand a jury trial in a Municipal Court case. Pa.R.Crim.P. 1001(D). When the Commonwealth makes this demand, the Municipal Court must hold a preliminary hearing instead of a trial. *Id.* If the defendant is held for court, the jury trial must take place in the Court of Common Pleas. *Id.* In *Perfetto*, the Commonwealth demanded a jury trial under Rule 1001(D), so instead of holding trial on the defendant's DUI charge, the Municipal Court held a preliminary hearing and held the defendant for trial in the Court of Common Pleas. *See Commonwealth v. Perfetto*, No. 7 EAP 2018 (Pa.), Commonwealth's Supreme Court Brief at 3.

presented in this appeal makes clear that the Commonwealth is precluded from prosecuting [the defendant] for his DUI charges." *Id.*

The Supreme Court rejected the Commonwealth's argument that Section 112 applied to this case, because the Municipal Court had jurisdiction over all of the defendant's charges:

> Section 1121 of the Judicial Code speaks directly to the organization and jurisdiction of the Philadelphia Municipal Court . . . Subsection 1121(b)(3) clearly and unambiguously states that the General Division shall exercise full jurisdiction of the Municipal Court under 42 Pa.C.S.[A.] § 1123(a) (relating to jurisdiction and venue). 42 Pa.C.S.[A.] § 1121(b)(3). In other words, unlike the limited jurisdiction of the Traffic Division of the Philadelphia Municipal Court to consider only summary traffic offenses, *id.* § 1121(c)(3), the General Division has jurisdiction to adjudicate any matter that is properly before the Municipal Court. Thus . . . the reality is that Appellant's former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of Appellant's charges, albeit in the court's General Division.

*Id.* at 823.

In **Johnson**, on June 23, 2015, police stopped the defendant for careless driving and discovered that he was driving with a suspended license. They patted him down and found clear baggies containing heroin. The defendant was charged with possession with intent to deliver heroin ("PWID") and knowing or intentional possession of heroin.[6] He also received a citation for the summary traffic offense of driving with a suspended license. Before

---

[6] 35 P.S. § 780-113(a)(30) and (a)(16), respectively.

the drug charges went to court, Johnson was tried and convicted of the summary traffic offense in the Philadelphia Municipal Court—Traffic Division.

The defendant was held for court on the drug charges following a preliminary hearing in the Municipal Court—General Division. In the Court of Common Pleas, the defendant filed a motion to dismiss the drug charges under the compulsory joinder rule. The Court of Common Pleas denied this motion, and the defendant took an interlocutory appeal to this Court.

We affirmed in part and reversed in part. The Commonwealth conceded, and we agreed, that the compulsory joinder rule applied to the charge of knowing or intentional possession of heroin. Thus, the Court of Common Pleas erred by refusing to dismiss this charge. *Id.*, 221 A.3d at 219-20. On the other hand, we held that the Court of Common Pleas properly refused to dismiss the PWID charge, because Section 112(1) "trump[ed] Section 110" and permitted prosecution of this charge. *Id.* at 220. The Municipal Court lacked jurisdiction to try offenses with maximum sentences greater than five years' imprisonment, but the maximum possible sentence on the defendant's PWID charge was 15 years. Since this maximum exceeded the Municipal Court's limit,

> [the defendant's] former prosecution for driving with a suspended license occurred "before a court which lacked jurisdiction over the . . . offense" of possession of heroin with intent to deliver. 18 Pa.C.S.A. § 112(1). Accordingly, the court of common pleas may properly assert its separate, original jurisdiction over that charge under Section 112.

- 10 -

*Id.*, 221 A.2d at 221. We emphasized that *Perfetto* was distinguishable, because

> [u]nlike [*Perfetto*], where the summary-offense prosecution occurred before a court that also had jurisdiction over the DUI charge, Johnson's case has not come before a court with jurisdiction over the [PWID] offense. Simply stated, he has not yet been in jeopardy for that offense, because the Philadelphia Municipal Court *lacked* jurisdiction to adjudicate it. The Commonwealth has not placed him "in jeopardy of life or limb" regarding that offense. Pa. Const. Art. I, § 10. It may do so for the first time in the court of common pleas.

*Id.* (emphasis in original).

We reach the same conclusion in the present case as *Johnson* did with regard to the PWID charge: Section 112(1) trumps Section 110. At the time of Appellant's trial in Philadelphia Traffic Court for expired inspection and emission stickers, that Court had not yet been absorbed into the Philadelphia Municipal Court.[7] It was a separate entity in Philadelphia's judicial system with exclusive jurisdiction over summary offenses arising under Title 75. 42 Pa.C.S.A. § 1302(a). It did not have jurisdiction over the felony firearm charge against Appellant under Section 6106(a)(1) or the misdemeanor firearm charge under Section 6108. Thus, in the words of Section 112, Appellant's "former prosecution" in the Traffic Court "was before a court which lacked jurisdiction over the . . . [firearms] offense[s]." 18 Pa.C.S.A. § 112(1).

_____

[7] In contrast, the events in *Perfetto* and *Johnson* took place after the Traffic Court's absorption into the Municipal Court. Other than this factual distinction, the present case is similar to *Johnson*.

- 11 -

We hold that the Traffic Court prosecution against Appellant did not preclude his subsequent prosecution for the firearms violations in the Court of Common Pleas.

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issue Appellant seeks to litigate in this appeal is without merit. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/20